Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SUCESIÓN DE MONSERRATE RIVERA MOLINA COMPUESTA POR ROSA PÉREZ GONZÁLEZ, RAMÓN RIVERA PÉREZ, EDELMIRO RIVERA PÉREZ, RAFAEL RIVERA PÉREZ Y GEORGE RIVERA PÉREZ; ROSA M. PÉREZ GONZÁLEZ; RAMÓN RIVERA PÉREZ; RAFAEL RIVERA PÉREZ, (POR SÍ Y COMO REPRESENTANTES Y HEREDEROS DE MONSERRATE RIVERA MOLINA)<br><br>Parte Peticionaria<br><br>v.<br><br>HOSPITAL SAN CARLOS INCORPORADO H/N/C HOSPITAL SAN CARLOS Y/O HOSPITAL SAN CARLOS BORROMEO Y OTROS<br><br>Parte Recurrida<br><br>EDELMIRO RIVERA PÉREZ; GEORGE RIVERA PÉREZ, (COMO HEREDEROS DE MONSERRATE RIVERA MOLINA)<br><br>Parte con interés | TA2026CE00300 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso núm.: AG2025CV00794<br><br>Sobre: Impericia Medica; Negligencia Hospitalaria; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de abril de 2026.

El 10 de marzo de 2026, la Sucesión del señor Monserrate Rivera Molina (la parte peticionaria) presentó ante nos un *Recurso de Certiorari* en el que solicitó que revoquemos la *Resolución*

*Interlocutoria* emitida el 6 de febrero de 2026, notificada el 10 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI o foro primario).[1]

En el aludido dictamen, el foro primario reguló los honorarios de una deposición de los peritos en el pleito, a razón de $200.00 la hora en la que se garantizaba un mínimo de tres (3) horas. Asimismo, de incurrir en un tiempo adicional a esas horas, se pagará la fracción del tiempo adicional.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y revocamos el dictamen recurrido.

**I.**

El caso de epígrafe tuvo su origen cuando el 7 de mayo de 2025, la parte peticionaria instó una *Demanda* sobre impericia médica en la que alegó que, el Dr. Feliciano, el Dr. Rodríguez y el personal del Hospital San Carlos (parte recurrida) brindó una atención médica ineficiente al señor Monserrate Rivera Molina (el señor Rivera Molina).[2] Ello, toda vez que no se le removió al señor Rivera Molina una gasa en su abdomen y, por tanto, sufrió varios daños en su salud. Consecuentemente, solicitó la cuantía de $250,000.00 en concepto de daños y perjuicios.

Luego de los tramites procesales de rigor e iniciado el descubrimiento de prueba, el 23 de septiembre de 2025, la parte peticionaria radicó una *Moción en reacción a "Moción solicitando se anuncie prueba pericial" y solicitud de orden* en la que anejó un informe pericial redactado por su perito el Dr. Ralph Silverman y su *curriculum vitae*.[3]

---

[1] Entrada Núm. 142 del caso núm. AG2025CV00794 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).
[2] Entrada Núm. 1 del caso núm. AG2025CV00794 en SUMAC.
[3] Entrada Núm. 57 del caso núm. AG2025CV00794 en SUMAC.

El 29 de enero de 2026, el Dr. Carlos Feliciano Jiménez presentó una *Moción al expediente judicial* en la que informó que le notificó al Dr. Ralph Silverman sobre un Aviso de Toma de Deposición Duces Tecum para tomarle una deposición a dicho galeno.[4]

Así las cosas, el 6 de febrero de 2026, el Dr. Carlos Feliciano Jiménez instó una *Moción solicitando se regulen honorarios de perito por deposición* en la que sostuvo que, ese mismo día, el Dr. Ralph Silverman le informó que, si le interesaba deponerlo era a razón de $500.00 la hora garantizando cuatro (4), totalizando la cuantía a $2,000.00 y deberían ser pagados catorce (14) días antes de la deposición.[5] Por ende, solicitó que, el TPI regulara los honorarios, a razón de $200.00 la hora garantizando un mínimo de tres (3) horas, debido a que entendían que eran excesivos.

En respuesta el 9 de febrero de 2026, radicó una *Moción informando intención de expresarnos en torno a moción del codemandado Dr. Carls Feliciano Jiménez* en la que la parte peticionaria alegó que, lo solicitado por el Dr. Carlos Feliciano era improcedente en derecho.[6] Además, le indicó al foro primario que le concediese un termino para exponer su postura en cuanto a ello.

El 6 de febrero de 2026, notificada el 10 de febrero de 2026, el TPI emitió una *Resolución Interlocutoria* en la que reguló los honorarios de abogados a razón de $200.00 la hora garantizando un mínimo de tres (3) horas.[7] Además, resolvió que, el tiempo adicional de esas tres (3) horas se pagará la fracción del tiempo adicional.

El 11 de febrero de 2026, el foro primario determinó No Ha Lugar con respecto a la *Moción informando intención de expresarnos en torno a moción del codemandado Dr. Carls Feliciano Jiménez.*[8]

---

[4] Entrada Núm. 137 del caso núm. AG2025CV00794 en SUMAC.
[5] Entrada Núm. 140 del caso núm. AG2025CV00794 en SUMAC.
[6] Entrada Núm. 141 del caso núm. AG2025CV00794 en SUMAC.
[7] Entrada Núm. 142 del caso núm. AG2025CV00794 en SUMAC.
[8] Entrada Núm. 143 del caso núm. AG2025CV00794 en SUMAC.

Inconforme, el 10 de marzo de 2026, la parte peticionaria presentó una *Petición de Certiorari* en la que formuló los siguientes señalamientos de error:

> Primer error: Erró el Tribunal de Primera Instancia al fijar los honorarios del perito de la parte recurrente Dr. Ralph Silveman, cirujano especialista en colon, en la cantidad de $200.00 la hora con tres horas garantizadas, sin haber ordenado a la parte recurrida a demostrar que carece de los medios económicos para sufragar los honorarios de perito, según requiere la Regla 23.1 (c)(3) de Procedimiento Civil, 32 LPRA Ap. V, R. 23 (c)(3), todo ello en contravención a lo resuelto por este Tribunal de Apelaciones en Colóm Miranda v. Dra. Beatriz Calderón Silva, et al KLCE202100757 (Sentencia del 14 de julio de 2021) y Montalvo, et. al v. Hospital de la Concepcion, Inc., et al, KLCE202000113, (Sentencia del 25 de junio de 2020).

> Segundo error: Erró el Tribunal de Primera Instancia al fijar los honorarios del perito de la parte recurrente Dr. Ralph Silveman, cirujano especialista en colon, en la cantidad de $200.00 la hora con tres horas garantizadas, sin haber aplicado los criterios jurisprudenciales sobre razonabilidad, imponiendo así una carga económica sobre la parte recurrente, todo ello en contravención a lo resuelto por este Tribunal de Apelaciones en Méndez Grajales v. Doctor's CTR. Hosp Bayamón, Inc., TA2025CE00074 (Sentencia del 21 de julio de 2025)

> Tercer error: Abusó de su discreción el Tribunal de Primera Instancia prohibirle a la parte recurrente presentar una oposición fundamentando las razones por que la solicitud del recurrido es improcedente, violando asi el debido proceso de ley que le asiste, todo ello en contravención a lo resuelto por este Tribunal de Apelaciones en Quiles Arroyo v. Cadillac Uniforms & Linen Supply, Inc., KLAN201801354, (Sentencia del 25 de marzo de 2019).

En cumplimiento con nuestra *Resolución*, el 24 de marzo de 2026, la parte recurrida radicó diversas oposiciones a la expedición del auto de *certiorari.*

Con el beneficio de la comparecencia de las partes, procederemos a resolver.

## II.

### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023). Véase, además, *IG Builders et al v.*

*BBVAPR,* 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.,*

*supra*; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97.

**B.**

Un perito es una persona que por medio de su educación o experiencia ostenta un conocimiento o destreza sobre una materia que puede formular una opinión que asista al juzgador. *SLG Font Bardón v. Mini Warehouse*, 17 DPR 322 (2010); J. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Puerto Rico, Publicaciones JTS, 2000, Tomo III, pág. 865. La Regla 23.1 (c) de Procedimiento Civil, 32 LPRA, Ap. V, R. 23.1 (c) establece que,

> (c) Peritos. El descubrimiento de prueba pericial podrá llevarse a cabo como sigue:
> (1) Una parte podrá, a través de interrogatorios, requerir a cualquier otra parte que suministre el nombre y la dirección de las personas peritas que haya consultado y de los que intente presentar en el juicio. Respecto a estas últimas,

podrá requerirse a la parte que exprese la materia sobre la cual la persona perita se propone declarar, así como un resumen de sus opiniones y una breve expresión de las teorías, los hechos o los argumentos que sostienen las opiniones. A solicitud de parte, el tribunal podrá ordenar el descubrimiento de prueba pericial por cualquier otro medio, sujeto a aquellas condiciones o limitaciones que estime razonables.

(2) Una parte podrá hacer uso de los métodos de descubrimiento en relación con hechos conocidos u opiniones de una persona perita que ha sido contratada por otra parte con anterioridad al pleito o en preparación para el juicio, y el cual no habrá de ser llamado a testificar solamente si se demuestra circunstancias excepcionales que hagan impráctico para la parte que interese el descubrimiento obtener hechos u opiniones sobre la misma materia, por otros medios o en el caso que dispone la Regla 32.2.

(3) El tribunal ordenará a la parte que solicita el descubrimiento que pague a la persona perita los honorarios razonables por el tiempo invertido durante el descubrimiento. Si la parte que interesa el descubrimiento de prueba pericial demuestra al tribunal que carece de los medios económicos para sufragar dichos honorarios, el tribunal podrá ordenar el descubrimiento en los términos y las condiciones que estime justos y razonables.

El perito sobre el que versa la citada regla es el perito testigo el cual es identificado como un testigo potencial. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 678 (2021). A este perito se le puede requerir divulgar sobre que asuntos testificaría, un resumen de sus opiniones y las teorías o hechos que sostienen las opiniones. Regla 23.1 (c) de Procedimiento Civil, *supra*; *McNeil Healthcare v. Mun. Las Piedras II, supra,* pág. 679. La citada regla no ofrece una cantidad fija que se le deba pagar a los peritos. J. Cuevas Segarra, *op. cit,* pág. 882. Tampoco, la referida regla establece guias apropiadas para determinar cuanto y como deben fijarse los honorarios razonables de peritos. J. Cuevas Segarra, *op. cit*, págs. 882-883. Ahora bien, el caso de *Jochims v. Isuzu Motors Ltd.*, 141 FRD 493 (S.D. Iowa 1992) para fijar los honorarios razonables de un perito en la etapa de descubrimiento de prueba:

(1) el área de especialización del testigo;
(2) la educación y entrenamiento requerido para ofrecer la opinión pericial;
(3) los honorarios predominantes de otros peritos disponibles con una reputación comparable;
(4) la naturaleza, calidad y complejidad de las respuestas ofrecidas en el proceso de descubrimiento de prueba;
(5) el costo de vida en la zona geográfica;
(6) los honorarios realmente facturados a quien contrató al perito;

(7) los honorarios tradicionalmente facturados por el perito en materias similares;

(8) cualquier otro factor que pueda ayudar al tribunal a equilibrar los intereses implicados en la regla.

Los criterios del citado caso han sido adoptados por este Tribunal de Apelaciones en diversas ocasiones. *Colóm Miranda v. Calderón Silva*, KLCE202100757 (2021); *Montalvo v. Hosp. De La Concepción*, KLCE2020000113 (2020); *Johan Méndez Grajales y Sonia Grajales v. Doctor's Center Hospital Bayamón, Inc., Dra. Ana Suárez Nieves y otros*, TA2025CE00074 (2025); *Lugo Cruz v. ELA*, KLCE201200379 (2012); *Hose v. Chicago & Nw. Transp. Co.*, 154 FRD 222 (1994). Estas guías no deben ser consideradas *numerus clausus* y pueden aplicarse juntamente con cualquier otro factor pertinente y particular al caso para fijar los honorarios. J. Cuevas Segarra, *op. cit*, pág. 885.

**III.**

En el caso de autos, la parte peticionaria argumentó que, el foro primario erró en conceder los honorarios solicitados por el Dr. Carlos Feliciano sin haber aplicado los criterios jurisprudenciales relacionados para fijar un monto de honorarios de peritos. Igualmente, adujo que, dicha cuantía es irrazonable dado que el TPI no le permitió a la parte peticionaria objetar la cuantía en virtud de que la parte recurrida no demostró si tiene los medios económicos para sufragar dichos honorarios.

Tras un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que no debemos abstenernos de ejercer nuestra función revisora y, debemos intervenir con la determinación del foro primario.

Por estar relacionados los señalamientos de error, procederemos a discutirlos en conjunto.

Conforme las normas jurídicas pormenorizadas, un perito es una persona que tiene conocimiento sobre una materia e ilustra al juzgador sobre ello en aras de facilitar al foro judicial resolver la

controversia ante sí. Cónsono con lo anterior, la Regla 23.1 (c), *supra*, R. 23.1 (c), rige todo lo relacionado a los aspectos procesales sobre cómo llevar a cabo el descubrimiento de prueba con un perito. Particularmente, la Regla 23.1 (c)(3), *supra*, establece que, la parte que interese realizar un descubrimiento de prueba a un perito, deberá pagar unos honorarios razonables al tiempo invertido durante dicho descubrimiento. Empero, <u>si la persona demuestra que carece de tener los medios económicos</u>, entonces el Tribunal podrá intervenir en ordenar los términos y condiciones en los que se llevará a cabo el descubrimiento de prueba. En esa línea, este Tribunal de Apelaciones ha acogido en diversos recursos los criterios jurisprudenciales delineados en *Jochims v. Isuzu Motors Ltd.*, 141 FRD 493 (S.D. Iowa 1992), para examinar los honorarios impuestos por el *foro a quo* fueron razonables.

Luego de examinar el expediente, al amparo de la Regla 23.1 de Procedimiento Civil, *supra* y la jurisprudencia aplicable, resolvemos que, el TPI erró en intervenir en los honorarios de peritos solicitados por el perito de la parte peticionaria. Ciertamente, en la *Moción solicitando se regulen honorarios de perito por deposición* denotamos que, el Dr. Carlos Feliciano Jiménez no esbozó que carece de los medios económicos para pagar los honorarios reclamados por el perito de la parte peticionaria. Tampoco, justificó el análisis por el cual procedía los honorarios de perito a "a razón de un máximo de $200.00 la hora, garantizado un mínimo de tres (3) horas de deposición, cualquier hora adicional o fracción de hora se pagará en la misma proporción de $200.00 la hora".[9] El Dr. Carlos Feliciano Jiménez simplemente indicó que, los honorarios reclamados por el mencionado perito eran irrazonables. Asimismo, surge del expediente que, el TPI omitió aplicar los criterios jurisprudenciales para determinar los honorarios de peritos. Ello,

---

[9] *Véase Moción solicitando se regulen honorarios de perito por deposición.*

pues el foro primario se limitó a acoger los planteamientos del Dr. Carlos Feliciano Jiménez sin ponderar los criterios delineados para fijar los honorarios de perito y sin darle oportunidad a la parte peticionaria para que se expresa a esos efectos.

A la luz de lo esbozado, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida en virtud de que el TPI no aplicó la normativa establecida para los honorarios de peritos y se le permita a la parte peticionaria exponer su posición.

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari*, revocamos la *Resolución* recurrida y devolvemos el caso ante el TPI para que resuelva conforme a lo aquí resuelto.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones